Filed 5/25/21  P. v. Carter CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEROME MAJOR CARTER,<br><br>    Defendant and Appellant. | B308323<br><br>(Los Angeles County Super. Ct. No. 9PR07086) |

APPEAL from an order of the Superior Court of Los Angeles County, Kevin S. Rosenberg, Judge.  Appeal dismissed.

Greg Wolff, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

In 2012, Jerome Carter pleaded no contest to one count of possession of a firearm by a felon.  (Pen. Code, § 29800, subd. (a)(1).)[1]  The trial court sentenced Carter to two years in state prison.

Carter was released on post-release community supervision (PRCS) on July 9, 2013.  His supervision was to expire on February 2, 2020.

As part of his PRCS, Carter was participating in a residential mental health treatment plan.  On September 25, 2019, Carter discharged himself from the residential treatment plan against the medical advice of his treatment team.  He provided no information about an address where he would be located.  Afterward, Carter failed to report to the designated office of the Los Angeles County Probation Department for supervision.

The probation department filed a petition to revoke Carter's PRCS, citing failure to cooperate in a mental health plan, failure to inform the probation department of his residence address, and failure to obey all laws.  At a hearing on September 1, 2020, the trial court heard Carter's request to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806.  The trial court granted Carter's *Faretta* request.

At a hearing on September 11, 2020, Carter, representing himself, attempted to file a demurrer to the PRCS revocation petition.  The trial court declined to accept the document for filing in the courtroom, but advised Carter that the document could be filed with the clerk and needed to be served on the People.

---

[1] Further statutory references are to the Penal Code.

2

After the trial court advised Carter that the demurrer would need to be set for hearing, the defendant asked the trial court whether he could "plead 'no contest' at this time and take my time? And then I will finish this on appeal in the streets." In response, the People offered Carter a sentence of 170 days in jail to settle the matter. Carter accepted.

The trial court accepted Carter's no contest plea, revoked and reinstated his PRCS, sentenced him to 170 days in jail, and awarded him 62 days of custody credit.

Carter filed a timely notice of appeal. This court entered orders appointing counsel for Carter and limiting his appeal to "issues that do not require a Certificate of Probable Cause."

After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). On March 11, 2021, we sent a letter to Carter and his appointed counsel advising Carter that within 30 days he could personally submit any contentions or issues he wanted us to consider, and directing counsel to send the record and opening brief to Carter immediately. Carter did not file a supplemental brief.

"California courts have declined to require *Wende* review in any appeal other than a first appeal of right from a judgment of criminal conviction." (*People v. Freeman* (2021) 61 Cal.App.5th 126, 132.) In *Freeman*, the court concluded that an appeal from an order revoking and reinstating PRCS was "not subject to *Wende* review . . . because it is not a direct appeal from a judgment of conviction." (*Id.* at p. 133.) On that basis we will dismiss the appeal.

Regardless of whether the appeal was entitled to *Wende* review, we have examined the entire record and are satisfied that Carter's counsel complied with the responsibilities *Wende* imposes.  No arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.) Carter's no contest plea and failure to obtain a certificate of probable cause limit the potential scope of his appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5."  (Cal. Rules of Court, rule 8.304(b); see § 1237.5.)  The record does not demonstrate the existence of any such issue.

### DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED


CHANEY, J.

We concur:


ROTHSCHILD, P. J.


BENDIX, J.

4